NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO R.F., R.F., and J.F.

No. 1 CA-JV 23-0152

FILED 12-28-2023

---

Appeal from the Superior Court in Mohave County
No. S8015JD202200096
The Honorable Aaron Michael Demke, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

The Law Offices of Robert Casey, Phoenix
By Robert Ian Casey
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Autumn Spritzer
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Brian Y. Furuya joined.

---

**B A I L E Y**, Judge:

**¶1**         Dena K. ("Mother") appeals the termination of her parental rights to R.F., R.F., and J.F. ("the children").  We affirm.

**FACTS AND PROCEDURAL HISTORY[1]**

**¶2**         Mother is the biological parent of twins R.F. and R.F., born in 2016, and J.F., born in 2021.  In June 2022, the Department of Child Safety ("DCS") received a report of "a significant domestic violence history" between Mother and the children's father ("Father").[2]  DCS learned Mother had a history of substance abuse, and J.F. was born substance-exposed in Arizona.  It also learned California child protection had removed the twins from Mother's care in 2016 because Mother overdosed on methamphetamine and heroin and the parents were selling drugs out of their home.

**¶3**         Mother had been evicted from her transitional housing for allowing Father around her and the children, in violation of her housing agreement.  After its investigation, DCS reported that Father is "extremely dangerous, has a significant criminal history and is abusing methamphetamine and heroin," and Mother is "minimizing the concerns of domestic violence."

**¶4**         DCS removed the children from Mother's care and filed for dependency, alleging neglect, exposure to domestic violence, and substance abuse.  Mother did not appear at her July 2022 initial dependency hearing, and the superior court treated her failure to appear as an admission to the dependency allegations.  The court found the children dependent

---

[1] We view the facts in the light most favorable to upholding the superior court's order.  *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010).

[2] Mother and Father have never been married.  Father is not a party to this appeal.

because Mother exposed the children to domestic violence and was unwilling or unable to provide effective parental care and a safe and stable home. The court also found neglect due to substance abuse, stating Mother "minimizes her substance use and the parents have prior history with child protection in California due to substance abuse and the children were removed."

¶5　　　　In support of the family reunification plan, DCS offered services to Mother, including substance abuse treatment, drug testing, parenting classes, case management, supervised visitation, and transportation. But she participated in services only sporadically. In July 2022, Mother tested positive for methamphetamine and THC and refused a hair follicle test. She did not participate in substance testing again until early 2023.

¶6　　　　Mother did not appear at her first meeting with DCS workers regarding her case in September 2022, despite multiple attempts by DCS to contact her. She also failed to appear at hearings between October and December 2022. Having received no response from Mother since August, Mother's counsel withdrew from representation in November 2022. Mother finally made an appearance in February 2023 at a supplemental permanency hearing.

¶7　　　　DCS moved to terminate Mother's parental rights on the grounds of chronic substance abuse and six months out-of-home placement, contending Mother tested positive for methamphetamine at the beginning of the case and, since that time, failed to participate in rehabilitative or reunification services. The court set an initial termination hearing, and a few days later, Mother began to comply intermittently with the scheduled substance testing. From February to April 2023, Mother repeatedly tested positive for THC, and she tested positive for fentanyl and methamphetamine in April.

¶8　　　　At the end of a contested termination trial in June 2023, the superior court granted DCS's motion and terminated Mother's parental rights on both alleged grounds. The court found that although Mother appeared to be doing well at the time of trial, "there's been at least nine months where the evidence indicates otherwise," she has "substantially neglected or willfully refused to remedy the circumstances that caused her children to be in out-of-home placement," and she had not completed "any portion of her case plan with respect to substance use, parenting classes, or domestic violence classes." The court also found termination was in the children's best interests because they needed "a safe and stable home free

of domestic violence and substance abuse," which Mother had failed to provide, and that termination would further the plan of adoption.

**¶9**       Mother timely appealed the termination order.  We have jurisdiction.  *See* A.R.S. §§ 8-235(A), 12-120.21(A)(1), 12-2101(A)(1); Ariz. R.P. Juv. Ct. 601(a).

## DISCUSSION

**¶10**      Parental rights are fundamental but not absolute.  *Jessie D. v. Dep't of Child Safety*, 251 Ariz. 574, 579, ¶ 8 (2021).  We accept the superior court's factual findings "if reasonable evidence and inferences support them."  *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 478, ¶ 30 (2023) (citation omitted).  We defer to these findings because "the juvenile court is in the best position to weigh evidence and assess witness credibility."  *Id.*

**¶11**      Terminating parental rights requires clear and convincing evidence that a statutory ground for termination exists under A.R.S. § 8-533(B).  *Id.* at 477, ¶ 20.  If the court concludes a statutory ground for termination exists, it must then determine by a preponderance of the evidence that termination of the relationship is in the child's best interests. *Id.*  We will affirm the court's legal conclusions regarding the statutory ground for termination unless they are clearly erroneous.  *Id.* at 478–79, ¶ 31.

**¶12**      The superior court may terminate parental rights under A.R.S. § 8-533(B)(3) if "the parent is unable to discharge parental responsibilities because of . . . a history of chronic abuse of dangerous drugs, controlled substances or alcohol and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period."  A parent's substance abuse "need not be constant to be considered chronic."  *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 377, ¶ 16 (App. 2010).

**¶13**      Mother argues insufficient evidence supports the finding that her substance abuse will continue for a prolonged and indeterminate period.  She contends she had been drug testing and working toward sobriety.

**¶14**      "[T]he question of whether [a] statutory factor is supported by the mandated quantum of evidence will not be disturbed unless the appellate court determines 'as a matter of law that no one could reasonably find the evidence to be clear and convincing.'"  *Brionna J.*, 255 Ariz. at 479, ¶ 31 (quoting *Murillo v. Hernandez*, 79 Ariz. 1, 9 (1955)).  Here, the record

shows Mother failed to test for drugs throughout the dependency and made no good-faith effort to establish sobriety, despite DCS providing services to help her overcome her substance use and parenting deficits. After testing positive for THC at the beginning of the case, Mother failed to participate in any other substance testing until February 2023, shortly after DCS moved to terminate her parental rights. When she did test from February to April 2023, the tests were consistently positive for THC, and her April 2023 collection was positive for fentanyl and methamphetamine. Thus, reasonable evidence shows she was unable to discharge parental responsibilities due to her substance abuse, and that her abuse would continue for a prolonged, indeterminate period. *See* A.R.S. § 8-533(B)(3); *see also Raymond F.*, 224 Ariz. at 378–79, ¶¶ 24–29. And as a matter of law, we conclude one could reasonably find the evidence presented on this issue to be clear and convincing. *See Brionna J.*, 255 Ariz. at 479, ¶ 31. The superior court did not err in terminating Mother's rights to the children based on the statutory ground of chronic substance abuse.

¶15 Because we affirm the superior court's order under this ground, we do not address Mother's arguments related to the out-of-home placement grounds.[3] *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002).

¶16 Mother also challenges the superior court's finding that termination is in the children's best interests. She contends the court erred in finding the children would benefit from termination and adoption, arguing the children were not in adoptive placements at the time of the termination trial.

¶17 "[A] determination of the child's best interest[s] must include a finding as to how the child would benefit from a severance *or* be harmed by the continuation of the relationship." *Maricopa Cnty. Juv. Action No. JS-500274*, 167 Ariz. 1, 5 (1990) (citations omitted). The court may consider a "child's adoptability and the parent's rehabilitation." *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 148, ¶ 1 (2018).

¶18 Reasonable evidence supports the superior court's finding that the children would benefit from termination. The court found

---

[3] We note DCS incorrectly alleged in its motion for termination that the twins are under three years-old, a fact the court adopted in its findings. DCS concedes the evidence did not support the superior court's finding that the twins were under three years-old for the six month out-of-home placement ground.

termination would "increase the odds of the children being raised in a safe, stable home free of substance abuse, domestic violence, and allow them to thrive and grow." It also found continuation of the relationship would be a detriment to the children due to "ongoing substance abuse with the parents which leaves the children at substantial risk of harm for future neglect." Mother did not provide any evidence showing she could independently provide for the children. The children's "interest in permanency must prevail over [Mother's] uncertain battle with drugs." *Jennifer S. v. Ariz. Dep't of Child Safety*, 240 Ariz. 282, 287, ¶ 17 (App. 2016) (citations omitted).

## CONCLUSION

**¶19** We affirm the superior court's termination order on the ground of substance abuse.



AMY M. WOOD • Clerk of the Court
FILED:    TM